IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAXIMILIANO GARCIA LOPEZ<br>3339 Mt. Pleasant Street, NW, Apt. 7<br>Washington, DC 20010<br><br>    PLAINTIFF,<br><br>v.<br><br>WT CONSTRUCTION, LLC<br>536 Newton Place, NW<br>Washington, DC 20010<br><br>    Serve:    William Titherington<br>                536 Newton Place, NW<br>                Washington, DC 20010<br><br>And<br><br>WILLIAM TITHERINGTON<br>536 Newton Place, NW<br>Washington, DC 20010<br><br>    DEFENDANTS | CASE NO.: |

## COMPLAINT

Plaintiff Maximiliano Garcia Lopez ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants WT Construction, LLC ("WTC") and William Titherington ("Titherington") (together, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and for damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia who, at all times relevant, performed the majority of his work duties for Defendants in the District of Columbia.

2. By acting as the named Plaintiff in this action, Plaintiff hereby affirms his consent to participate as a plaintiff in an action under the FLSA.

3. WTC is a limited liability company formed under the laws of the District of Columbia with its principal place of business located in the District of Columbia.

4. At all times, Titherington was the primary owner and officer of WTC.

5. At all times, Titherington had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

6. At all times, Titherington supervised Plaintiff's work duties to ensure Plaintiff's work was of sufficient quality.

7. At all times, Titherington set and controlled Plaintiff's work schedule.

8. At all times, Titherington set and determined Plaintiff's rate and method of pay.

9. At all times, Titherington maintained what few employment records exist relating to Plaintiff or caused such records to be maintained.

10. At all times, Titherington controlled, and was in charge of, the day-to-day operations of WTC.

11. At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

12. Each year during Plaintiff's employment, Defendants' gross revenue exceeded $500,000.00.

13. At all times, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

14. At all times, Plaintiff was an individual employee who, while engaged in his employment duties, handled, sold, and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

15. Pursuant to the foregoing, at all times, both Defendants were Plaintiff's "employers," for purposes of the FLSA and DCMWA.

16. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

17. Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

18. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## EQUITABLE TOLLING

19. At all times during the course of Plaintiff's employment with Defendants, Defendants did not post or otherwise make visible or available at Defendants' places of business any poster or information that notified employees of the Federal or District of Columbia overtime compensation requirement.

20. At all times during the course of Plaintiff's employment with Defendants, Defendants did not post or otherwise make visible or available at Defendants' places of business any poster or information that notified employees of any enforcement remedies available to employees who are not paid by employers as required by Federal or District of Columbia Law, including notification that the Department of Labor may recover back wages on behalf of

employees or that underpaid employees have a private right of action to file a lawsuit against employers for nonpayment or underpayment of wages in violation of Federal and District of Columbia Law.

21. At all times during the course of Plaintiff's employment with Defendants, Defendants did not post or otherwise make visible or available at Defendants' places of business any poster or information that notified employees of the fact that Federal and District of Columbia Law prohibits discriminating against, retaliating against, or discharging workers who file a Complaint or participate in any proceeding to recover unpaid or underpaid wages under Federal or District of Columbia Law.

22. At all times during Plaintiff's employment, Defendants explicitly admonished Plaintiff that Plaintiff was not entitled to be paid for overtime hours worked each week in excess of forty (40) at the federally and District of Columbia required overtime pay rate of one-and-one-half (1½) times his regular rate of pay.

23. In consideration of the foregoing, it is proper to toll Plaintiff's Federal and District of Columbia overtime claims to include the entirety of each Plaintiff's employment with Defendants.

## **FACTS**

24. Plaintiff commenced his employment with Defendants on or around August 2010.

25. Plaintiff's employment with Defendants was terminated on or about December 12, 2013.

26. While in Defendants' employ, Plaintiff's exact hours worked varied from work week to work week.

27.     While in Defendants' employ, Plaintiff regularly worked more than forty (40) hours per week.

28.     While in Defendants' employ, Plaintiff regularly worked more than fifty (50) hours per week.

29.     At all times, Defendants had knowledge of all hours Plaintiff worked and regularly and customarily instructed Plaintiff to work far more than forty (40) hours per week.

30.     At all times, Defendants paid Plaintiff as an "hourly" employee. Plaintiff's most recent hourly rate was $16.00 per hour.

31.     At no time did Defendants ever pay Plaintiff at the rate of one-and-one-half (1½) times his regular rate of pay for overtime hours worked each week in excess of forty (40).

32.     At no time did Plaintiff perform work duties that would make him exempt from the overtime compensation requirement of the FLSA or DCMWA.

33.     An employer who violates the FLSA and DCMWA overtime provisions are ordinarily "liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

34.     The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

35.     The good faith defense to liquidated damages requires "an affirmative showing of a genuine attempt to ascertain what the law requires," not simply the absence of bad faith. *Danesh v. Rite Aid Corp.*, 39 F.Supp.2d 7, 13 (D.D.C.1999) (citation omitted).

5

36. Defendants' failure to pay Plaintiff overtime wages as required by Federal Law and District of Columbia Law was not the product of good faith.

37. Defendants had no reasonable grounds for believing their failure to pay Plaintiff overtime compensation at the legal rate was in compliance with Federal or District of Columbia law.

38. Defendants cannot meet their burden of an affirmative showing to avoid the imposition of liquidated damages. As such, in addition to his unpaid overtime wages, each Plaintiff is entitled to liquidated damages in an equal amount to his unpaid overtime wages under the FLSA and DCMWA..

39. The FLSA and DCMWA are "fee shifting" statutes, directing an award of payment of attorney's fees and costs by Defendants to the successful Plaintiff(s). As such, the FLSA provides that a court "***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added). In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

40. "[A] reasonable fee is the number of hours reasonably expended on the litigation case multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 433.

41. The product of a reasonable number of hours times a reasonable hourly rate is known as the "lodestar". *Id.* at 434.

42.  In the District of Columbia, reasonable hourly rates are based on the schedule or attorney's fee rates originally adopted by this Court in *Laffey v. American Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), commonly referred to as the "*Laffey* Matrix."

43.  In addition to unpaid wages and liquidated damages in an equal amount, Plaintiff is entitled to payment, by Defendants, of his attorney's fees and costs, using the "lodestar method" and applying the "*Laffey* Matrix."

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

44.  Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-43 above, as if each were set forth herein.

45.  The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

46.  At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and both Defendants were Plaintiff's "employers" under FLSA, 29 U.S.C. § 207(a)(2).

47.  Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

48.  As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours each week in excess of forty (40).

49. As set forth above, Defendants failed and refused to compensate Plaintiff properly, and as required by the FLSA, for all overtime hours worked each week in excess of forty (40).

50. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

51. Plaintiff re-alleges and re-asserts each and every allegation set forth in Paragraphs 1-50 above, as if each were set forth herein.

52. Plaintiff was Defendants' "employee," and both Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

53. Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

54. As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours each week in excess of forty (40).

55. As set forth above, Defendants failed to compensate Plaintiff properly, and as required by the DCMWA, for all overtime hours worked each week in excess of forty (40).

56. Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff, under Count II, for all unpaid overtime wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### (Violation of FLSA – Unlawful Retaliation)

57. Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-56 as if each were set forth herein.

58. FLSA section 215(a)(3) provides, in relevant part: "[I]t shall be unlawful for any person… to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter…"

59. On or about December 12, 2013, Plaintiff met with Titherington wherein Plaintiff complained to Defendants regarding Defendants failure to pay overtime for hours worked each week in excess of forty (40) at the rate of one-and-one-half (1½) times his regular rate of pay.

60. Immediately after Plaintiff complained about Defendants' failure to pay overtime wages at the legal rate, and in this same encounter, Defendants terminated Plaintiff's employment.

61. Immediately after Plaintiff complained about Defendants' failure to pay overtime wages at the legal rate, and in this same encounter, Defendants cause Plaintiff to be physically assaulted and physically removed from Defendants' place of business.

62. Defendants terminated Plaintiff's employment and caused Plaintiff to be physically assaulted and removed from Defendants' place of business in retaliation for Plaintiff complaining about Defendants' failure to pay overtime wages at the FLSA required rate.

63. No non-retaliatory or legal basis existed for Defendants' termination of Plaintiff's employ.

64. Defendants acted in bad faith in retaliating against Plaintiff and terminating Plaintiff's employment.

65. As a result of Defendants' unlawful termination of Plaintiff's employment, Plaintiff has lost wages and continues to lose wages.

66. Plaintiff has suffered and continues to suffer severe mental anguish, embarrassment, and other damages as a result of Defendants' retaliatory termination of Plaintiff's employment.

WHEREFORE, Ochoa prays that he be awarded judgment on Count III of Plaintiff's Complaint against Defendants, jointly and severally, in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) for compensatory damages and One Hundred Fifty Thousand Dollars ($150,000.00) in punitive damages, as well as attorney's fees, the costs of this action, and any further relief this Court deems appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

*[signature]*

Gregg C. Greenberg, Bar No. MD17291
The Zipin Law Firm, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:    301-587-9397
Email ggreenberg@zipinlaw.com

David Vega, Bar No. 411547
Law Offices of David Vega
8600 Second Avenue
Silver Spring, Maryland   20910
Phone: 301-585-5423
Email: vega49@comcast.net

*Counsel for Plaintiff*